**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
|     Gerard Adrien Granger, | ) | Case No. 07-20970 |
|         Debtor | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
|     Gerard Adrien Granger, | ) | |
|         Plaintiff | ) | Adv. Proceeding No. 08-02006 |
| | ) | |
|         v. | ) | |
| | ) | |
|     Maine Department of | ) | |
|     Environmental Protection, | ) | |
|         Defendant | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
|     Stephen Gerard Granger, | ) | |
|         Plaintiff | ) | Adv. Proceeding No. 08-02007 |
| | ) | |
|         v. | ) | |
| | ) | |
|     Maine Department of | ) | |
|     Environmental Protection, | ) | |
|         Defendant | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Memorandum of Decision**

I.  Introduction

Before me are cross-motions for summary judgment, seeking determination of the dischargeability of obligations Gerard and Stephen Granger owe to the Maine Department of Environmental Protection under pre-bankruptcy consent decrees.  The material facts are undisputed.

That a portion of the obligation imposed by the original decree, and a subsequent amended decree, is dischargeable is not disputed.  That a "penalty" portion of the obligation is

1

non-dischargeable under § 523(a)(7) of the Bankruptcy Code[1] is also not in dispute.  The parties disagree regarding the decrees' construction, how payments the debtors have made relate to what remains owing, and the bankruptcy discharge's application to amounts that remain unpaid.

As explained below, I conclude that the debtors' pre-bankruptcy payments apply, first, to the remediation/reimbursement component of their debt to the State and, second, to the penalty component.  As a consequence, although the bankruptcy discharge eliminates a substantial amount of that debt, Gerard and Stephen remain obligated to pay penalties, including the portion of the penalty that was suspended on condition of paying the balance.

## II.  Facts

The Grangers, father and son, are the sole shareholders of Fine Finishes Antiques, a Maine corporation.  In 2002, the Maine Department of Environmental Protection ("DEP") commenced an action against them and their corporation in state court, alleging violations of various environmental laws.  Subsequently, the state court entered a consent order granting partial summary judgment against the Grangers and Fine Finishes Antiques, determining them jointly and severally liable for all violations set out in the DEP's ten-count complaint.

In 2004, the state court entered a consent decree addressing remedies, establishing that the DEP had spent $30,112.30 on site investigation, and would spend $6,724.40 more on remediation. Pursuant to 38 M.R.S.A. sec. 1318-A, the Grangers were required to reimburse the State of Maine for those costs.  The decree also imposed a penalty and set out an agreed payment schedule.  On top of the $36,836.70 in costs, the Grangers were ordered to pay a penalty of

---

[1] Unless otherwise indicated, citations to statutory sections are to the Bankruptcy Reform Act of 1978 (the "Code" or "Bankruptcy Code"), as amended, 11 U.S.C. § 101 et seq.

2

$40,000, with $25,000 suspended subject to prompt payment of the $36,836.70 reimbursement and the first $15,000 of the penalty.

The parties entered into an amended consent order in 2007 which revised the payment schedule, extending it over a longer term, subject to the same conditionally suspended $25,000 portion of the penalty.

Subsequently, Gerard and Stephen each filed a voluntary chapter 7 petition and, thereafter, each filed an adversary complaint alleging their debts to the State are dischargeable. The adversary proceedings have been consolidated, and the parties have moved for summary judgment on stipulated facts.

### III.  Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits."[2]  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party,"[3] and "a fact is material if it has the potential of determining the outcome of the litigation."[4]  A summary judgment motion in the context of an adversary proceeding is subject to the same standards, pursuant to Fed.R.Bankr.P. 7056.[5]

---

[2]   Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008).

[3]   Id., quoting Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996).

[4]   Id., quoting Maymi v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008).

[5]   See In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001); see also D.Me.L.B.R. 7056-1.

IV.  Discussion

Pursuant to 11 U.S.C. sec. 523(a)(7):

> A discharge under section 727...of this title does not discharge an individual debtor from any debt to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty...

While "exceptions to discharge under the Bankruptcy Code are generally narrowly construed to further the Code's purpose of giving a 'fresh start' to honest debtors,"[6] the Code is "not intended to be a haven for wrongdoers."[7]  The burden of proof rests with the creditor to demonstrate by a preponderance of the evidence that a debt is non-dischargeable.[8]

The parties do not dispute that the $36,836.70 remediation/reimbursement cost, to the extent unpaid at the time of the bankruptcy filing, *is* dischargeable (as "compensation [owed the State of Maine] for pecuniary loss").  Neither do they dispute that the $40,000 levied against them as a penalty, to the extent unpaid at bankruptcy, *is not* dischargeable.

They do disagree over how the amounts the Grangers have previously paid the DEP should be credited, and where that leaves the obligations going forward following the Grangers' chapter 7 discharges.

The Grangers assert that because the DEP bears the burden of proof and since it has not submitted evidence addressing how their payments were credited against the

---

[6] Richmond v. N.H. Supreme Court Comm. on Prof'l Conduct, --- F.3d ----, 2008 WL 4277313, *3 (1st Cir. 2008), citing Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997).

[7] Id., quoting U.S. Dept. Of Hous. & Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Va., Inc., 64 F.3d 920, 927 (4th Cir. 1995).

[8] See Grogan v. Garner, 498 U.S. 279, 287-88 (1991).

4

remediation/reimbursement and penalty portions of their debt, I must deny the DEP's summary judgment motion and grant theirs. They contend that, in the absence of evidence to the contrary, their payments to date (approximately $14,750) must be allocated to the unsuspended $15,000 penalty, leaving only $250 of that sum unpaid. Their discharges would eliminate the $36,836.70 remediation/reimbursement debt so that, with payment of just $250 more, they will have completed their obligations under the consent decrees and the suspended $25,000 cannot be collected.

The Grangers overlook the construction that must be given the consent decrees. Notwithstanding that the DEP's Commissioner has discretion over how to allocate payments,[9] it is clear in both the original and the amended consent orders that the penalty portion is to be collected *after* the remdiation/remimbursement portion, as punishment, with the suspended $25,000 operating as an incentive for timely payment.

Satisfaction (or collection) of the *suspended* portion of penalty necessarily awaited completion of *all* payments required under the decrees, including the $15,000 portion of penalty that was not suspended. Only in that way could its suspension and possible collection encourage timely and full payment. Although $25,000 of the penalty was suspended, the full penalty was *imposed* as a *unitary* sum. Thus, satisfaction of any portion of the penalty must await full satisfaction of the remediation/reimbursement debt. Any other reading of the decrees' terms either robs them of force or inserts terms they do not contain.[10] Thus, the State is entitled to

---

[9] See 38 M.R.S.A. sec. 1319-D, E.

[10] Although the decrees' terms dictate today's result, the DEP would be well-served in the future to expressly address the crediting of payments in its decrees.

5

judgment as a matter of law.

Whatever part of the $14,750 in payments the Grangers made before bankruptcy must be credited against the remediation/reimbursement debt. The balance of that $36,836.70 obligation will be discharged.[11] The $40,000 penalty is non-dischargeable. Payments made since the bankruptcy filing must be credited against the penalty. Discharge of the approximately $22,000 unpaid cost portion does not constitute payment of that portion pursuant to the amended consent order,[12] thus the DEP is free to treat the entire $40,000 penalty portion (less the amount paid post-petition) as due and owing.

### V.  Conclusion

The Grangers' motion for summary judgment is denied.

The DEP's motion for summary judgment is granted. Although the Grangers' obligation to pay the portion of the remediation/reimbursement debt owing at the bankruptcy filing is discharged, the $40,000 penalty portion is not discharged. The penalty has been partially satisfied to the extent the Grangers have made payments since their bankruptcy filings.

Dated:   October 8, 2008

/s/ James B. Haines, Jr.
_____
Hon. James B. Haines, Jr.
Judge, U.S. Bankruptcy Court
District of Maine

---

[11]  The parties did not submit an accounting of the payments to date, but given today's ruling, they can easily sort out payments and credits.

[12]  See In re Pecora, 297 B.R. 1, 3 (Bankr.W.D.N.Y. 2003) ("a Chapter 7 discharge only extinguishes the personal liability of the mortgagor on the mortgage debt, *it does not constitute payment or satisfaction of that debt*"(emphasis added)), citing Dewsnup v. Timm, 502 U.S. 410 (1992) and Johnson v. Home State Bank, 501 U.S. 78 (1991).

6